## LUMLEY v. ANATRON CHEMICAL CO.

(Supreme Court, Appellate Division, First Department.   December 21, 1900.)

ATTACHMENT—AFFIDAVIT—CORPORATION.

> Where a foreign corporation doing business in New York assigns a claim growing out of such business to plaintiff, who brings an attachment thereon, it will not be vacated because the affidavit only states that the corporation was authorized to do business in the state, and does not allege the facts showing such authority.

Appeal from special term, New York county.

Action by Joseph H. Lumley against the Anatron Chemical Company. From an order vacating the attachment, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Franklin D. Peale, for appellant.

Charles F. Davies, for respondent.

PER CURIAM. The plaintiff, the assignee of the cause of action sued on, presented to one of the justices of this court the complaint, duly verified, and an affidavit of the plaintiff, and obtained a warrant of attachment against the property of the defendant, as a foreign corporation. It appeared from the papers submitted that the plaintiff was a resident of the city, county, and state of New York, and that he was at all times mentioned in the complaint the treasurer of Peale, Peacock & Kerr, a corporation organized under the state of Pennsylvania, duly authorized to transact business within this state; that the said corporation sold and delivered to the defendant, at the city of New York, certain goods, wares, and merchandise, at an agreed price, and of the fair market value specified; and that the said corporation duly assigned this claim to the plaintiff. The defendant moved to vacate this attachment upon the ground that the papers upon which it was granted "contained no competent or sufficient proof to show   *   *   *   that a cause of action existed in favor of the plaintiff against the defendant, and facts essential to the jurisdiction of the court"; and it is sought to sustain the order vacating the attachment upon the ground that there was no proof that the corporation (plaintiff's assignor) was authorized to do business within this state, or to maintain an action to recover on a cause of action arising in this state, under section 15, c. 687, Laws 1892, and section 181, c. 908, Laws 1896. The affidavit upon which the attachment was granted alleges that the corporation (plaintiff's assignor) was a Pennsylvania corporation, duly authorized to transact business within the state of New York; and the complaint alleges that the corporation named was a corporation organized and existing under and by virtue of the laws of the state of Pennsylvania, and duly authorized to transact business within this state. We think that there was a sufficient averment in the complaint and affidavit that the corporation had complied with the laws of this state so as to authorize it to do business in this state. The allegation is that the corpora-

tion "is duly authorized to transact business in this state." It is not necessary, under our system of pleading, to set up the evidence which supports the conclusion. It is sufficient to allege the conclusion.

The order appealed from should therefore be reversed, with $10 costs and disbursements, and the motion to vacate the attachment denied, with $10 costs.